IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| **LUKE C. DICRISTOFORO and KARLIE LOGAN** on behalf of themselves and all others similarly situated, | ) ) ) ) | Civil Action No. 1:23-cv-656 |
| | ) | Judge: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **LAROSA'S, INC.,** *dba* **LaRosa's Family Pizzeria.** | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action brought by Luke C. Dicristoforo and Karlie Logan ("Named Plaintiffs") on behalf of themselves and all current and former similarly situated employees who worked for any of Defendant LaRosa's, Inc. ("Defendant") corporate owned locations at any time within the period of three (3) years preceding the granting of court-supervised noticed through the date of judgment ("Employees Entitled to Notice") to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). The Named Plaintiffs bring individual claims pursuant to Section 34a of the Ohio Constitution, ("Section 34a"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. §

1

4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 on behalf of themselves and the Employees Entitled to Notice.

The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

**I.  JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Named Plaintiffs' and the Employees Entitled to Notice's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business is in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiffs' claims occurred in this District and Division.

**II.  THE PARTIES**

4. Named Plaintiffs Luke C. Dicristoforo ("Plaintiff Dicristoforo") is an adult individual who resides at 1175 Creekstone Drive, Batavia, Ohio 45103. His Notice of Consent is attached as **Exhibit A**.

5. Plaintiff Karlie Logan ("Plaintiff Logan") is an adult individual who resides at 5617 Sheed Road, Cincinnati, Ohio 45247. Her Notice of Consent is attached as **Exhibit B**.

6. Plaintiff Dicristoforo and Plaintiff Logan will be collectively referred to as the "Named Plaintiffs".

7. Within the three years preceding the filing of this Action, Named Plaintiffs were employed by Defendant as non-exempt employees who were paid on an hourly basis.

8. Named Plaintiffs bring this action on behalf of themselves and all current and former similarly situated employees who worked for Defendant at any time within the period of three (3) years preceding the granting of court-supervised noticed through the date of judgment ("Employees Entitled to Notice").

9. The Named Plaintiffs and the Employees Entitled to Notice will be collectively referred to as "Plaintiffs".

10. Defendant is an Ohio for-profit corporation that can be served through its registered statutory agent: FBT Ohio, Inc. 301 E. Fourth Street, Suite 3300, Cincinnati, OH 45202.

11. Defendant's principal place of business is in Cincinnati, Ohio. Defendant's corporate headquarters is located at 2334 Boudinot Avenue, Cincinnati, Ohio 45238.

### III. STATEMENT OF FACTS

12. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

13. During all times material to this Complaint, Defendant employed Plaintiffs within the meaning of the FLSA and the Ohio Acts.

14. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this Complaint, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e).

16. During all times material to this Complaint, Plaintiffs have been Defendant's employees pursuant to Section 34a and the Ohio Acts.

17. Defendant owns and operates corporate owned restaurants in multiple states under the trade name LaRosa's Family Pizzeria.

18. Defendant employs servers, like Plaintiffs, to provide services to its restaurant patrons. Defendant's companywide pay practices and policies was to pay its servers, including Plaintiffs at an hourly rate below the federal and Ohio minimum wage.

19. Indeed, regardless of which corporate location each Plaintiff was employed at, they all similarly suffered the same companywide pay practices and policies.

20. By paying Plaintiffs less than the federal and Ohio minimum wage per hour, Defendant is taking advantage of a tip credit which allows employers to count a portion of the amount servers receive as tips towards Defendant's obligation to pay tipped employees a federal and/or Ohio minimum wage.

21. At all times relevant to this Complaint, Defendant maintained a companywide policy and practice whereby servers are required, during their regular shifts, to perform non-tip producing work unrelated to the servers' tipped occupation, as well as non-tip supporting work related to the servers' tipped occupation.

22. At all times relevant to this Complaint, Defendant maintained a policy and practice whereby servers are required to spend significantly more than 20% of their work time performing non-tip producing work as well as non-tip supporting work.

23. These non-tipped producing or supporting tasks include, but are not limited to, performing opening and closing duties, general cleaning of the restaurant, taking out the trash, organizing the beer and wine, refilling condiments, and clearing tables.

24. At all times relevant to this Complaint, Defendant maintained a companywide policy and practice whereby servers are required to spend significantly more than thirty (30) consecutive minutes of their work time performing these abovementioned non-tip producing and non-tip supporting job duties each shift, predominantly occurring one hour before a store opens to one hour after a store opens and from one hour before a store closes until they clock out.

25. Defendant's companywide policy and practice of paying Plaintiffs the tipped minimum wage for all time spent performing non-tip producing work violated the FLSA, Section 34a and the Ohio Wage Act.

26. Upon information and belief, Defendant utilizes common pay policies and practices which commonly apply to all their employees, regardless of establishment location.

27. As such, Plaintiffs were not compensated appropriately at the minimum wage mandated by the FLSA, Section 34a and the Ohio Wage Act.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA, Section 34a and the Ohio Wage Act.

**Facts as to Plaintiff Dicristoforo**.

29. Plaintiff Dicristoforo worked at Defendant's company owned location at 4450 Eastgave Blvd., Cincinnati, Ohio 45244.from approximately September 2021 to March 27, 2023.

30. Defendant employed Plaintiff Dicristoforo as a non-exempt server and paid him less than $8.70 per hour plus tips during 2020.

31. Defendant employed Plaintiff Dicristoforo as a non-exempt server and paid him less than $8.80 per hour plus tips during 2021.

32. Defendant employed Plaintiff Dicristoforo as a non-exempt server and paid him less than $9.30 per hour plus tips during 2022.

33. Defendant employed Plaintiff Dicristoforo as a non-exempt server and paid him less than $10.10 per hour plus tips during 2023.

34. During all times relevant to this Complaint, Defendant required Plaintiff Dicristoforo during his regular shifts, to perform non-tip producing work unrelated to his tipped occupation, as well as non-tip supporting work related to his tipped occupation.

35. During all times relevant to this Complaint, Defendant required Plaintiff Dicristoforo to spend significantly more than 20% of his work time performing non-tip producing and non-tip supporting work including, but not limited to, performing opening, and closing duties, general cleaning of the restaurant, taking out the trash, organizing the beer and wine, refilling condiments, and clearing tables.

36. During all times relevant to this Complaint, Defendant required Plaintiff Dicristoforo to spend more than thirty (30) consecutive minutes in a single shift performing non-tip producing and non-tip supporting work.

37. During all times relevant to this Complaint, Defendant did not pay Plaintiff Dicristoforo at least the federal nor the appropriate Ohio minimum wage while he performed non-tip producing and non-tip supporting work.

**Facts as to Plaintiff Logan**.

38. Plaintiff Logan worked at Defendant's company owned location at 891 Galbraith Rd., Cincinnati, Ohio 45231 from approximately March 2013 until April 2019, before transferring to Defendant's company owned location at 5795 Cheviot Rd., Cincinnati, Ohio 45247 on April 2, 2019, where she remains employed today.

39. Defendant employed Plaintiff Logan as a non-exempt server and paid her less than $8.70 per hour plus tips during 2020.

40. Defendant employed Plaintiff Logan as a non-exempt server and paid her less than $8.80 per hour plus tips during 2021.

41. Defendant employed Plaintiff Logan as a non-exempt server and paid her less than $9.30 per hour plus tips during 2022.

42. Defendant employed Plaintiff Logan as a non-exempt server and paid her less than $10.10 per hour plus tips during 2023.

43. During all times relevant to this Complaint, Defendant required Plaintiff Logan during her regular shifts, to perform non-tip producing work unrelated to her tipped occupation, as well as non-tip supporting work related to her tipped occupation.

44. During all times relevant to this Complaint, Defendant required Plaintiff Logan to spend significantly more than 20% of her work time performing non-tip producing and non-tip supporting work including, but not limited to, performing opening, and closing duties, general cleaning of the restaurant, taking out the trash, organizing the beer and wine, refilling condiments, and clearing tables.

45. During all times relevant to this Complaint, Defendant required Plaintiff Logan to spend more than thirty (30) consecutive minutes in a single shift performing non-tip producing and non-tip supporting work.

46. During all times relevant to this Complaint, Defendant did not pay Plaintiff Logan at least the federal nor the appropriate Ohio minimum wage while she performed non-tip producing and non-tip supporting work.

**Facts as to Employees Entitled to Notice**.

47. Upon information and belief, the Employees Entitled to Notice worked at Defendant's company owned locations within three years of the filing of this Complaint.

48. Upon information and belief Defendant employed the Employees Entitled to Notice as non-exempt servers and paid them less than $8.70 per hour plus tips during 2020.

49. Upon information and belief Defendant employed the Employees Entitled to Notice as non-exempt servers and paid them less than $8.80 per hour plus tips during 2021.

50. Upon information and belief Defendant employed the Employees Entitled to Notice as non-exempt servers and paid them less than $9.30 per hour plus tips during 2022.

51. Upon information and belief Defendant employed the Employees Entitled to Notice as non-exempt servers and paid them less than $10.10 per hour plus tips during 2023.

52. During all times relevant to this Complaint and upon information and belief, Defendant required the Employees Entitled to Notice during their regular shifts, to perform non-tip producing work unrelated to their tipped occupation, as well as non-tip supporting work related to their tipped occupation.

53. During all times relevant to this Complaint and upon information and belief, Defendant required the Employees Entitled to Notice to spend significantly more than 20% of their work time performing non-tip producing and non-tip supporting work including, but not limited to, performing opening, and closing duties, general cleaning of the restaurant, taking out the trash, organizing the beer and wine, refilling condiments, and clearing tables.

54. During all times relevant to this Complaint and upon information and belief, Defendant required the Employees Entitled to Notice to spend more than thirty (30) consecutive minutes in a single shift performing non-tip producing and non-tip supporting work.

55. During all times relevant to this Complaint and upon information and belief, Defendant did not pay the Employees Entitled to Notice at least the federal nor the appropriate Ohio minimum wage while they performed non-tip producing and non-tip supporting work.

## IV. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

56. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

57. Named Plaintiffs request that the Court issue Court Supervised Notice to the Employees Entitled to Notice further defined as follows:

> **All current and former hourly servers employed at LaRosa's Inc, *dba* LaRosa's Family Pizzeria corporate owned restaurants at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who were paid at or below the tipped minimum wage and were clocked in one hour before a store opens to one hour after a store opens and/or from one hour before a store closes until they clock out. ("FLSA Notice Group" or "FLSA Notice Group Members").**

58. Named Plaintiffs reserves the right to amend and refine the definition of the FLSA Notice Group they seek to have the Court serve notice based upon further investigation and discovery.

59. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

61. During the respective period of the Named Plaintiffs' and the FLSA Notice Group Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described, Named Plaintiffs and the FLSA Notice Group Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Named Plaintiffs and the FLSA Notice Group Members were non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Named Plaintiffs and the FLSA Notice Group Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

65. The precise size and identity of the FLSA Notice Group should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

66. Collective action treatment of Named Plaintiffs' and the FLSA Notice Group Members' claims is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

67. Further, Named Plaintiffs FLSA claims should proceed as a collective because Named Plaintiffs and the FLSA Notice Group Members, having willfully not been paid the statutory minimum wages pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

68. The Named Plaintiffs maintain that there is a strong likelihood that they and the FLSA Notice Group Members similarly situated as to the facts and theories regarding Defendants violations of the FLSA during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal minimum wages.

69. The Named Plaintiffs maintain that there is a strong likelihood that they and the FLSA Notice Group Members are similarly situated as to the facts and theories regarding any of Defendant's alleged affirmative defenses to violations of the FLSA during the relevant time period.

70. The Named Plaintiffs maintain that there is a strong likelihood that they and the FLSA Notice Group Members are similarly situated such that ultimate certification of a collective will be the most efficient way to try this matter.

71. Named Plaintiffs are similarly situated to the FLSA Notice Group Members and will prosecute this action vigorously on their behalf.

72. The names and addresses of the FLSA Notice Group Members are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

73. Named Plaintiffs and the FLSA Notice Group Members have been similarly damaged by Defendant's willful refusal to pay the federally mandated overtime rate for all hours worked beyond forty (40) in a workweek. As a result of Defendant's willful FLSA violations, they are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## V.     CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES
### IN VIOLATION OF THE FLSA

74.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

75.     Defendant has engaged in a companywide pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

76.     At all times relevant, Named Plaintiffs and the FLSA Notice Group Members have been employees of Defendant within the meaning of the FLSA.

77.     At all times relevant, Named Plaintiffs and the FLSA Notice Group Members have been covered by the FLSA.

78.     Defendant failed to pay Named Plaintiffs and the FLSA Notice Group Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

79.     Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA for all hours worked by Named Plaintiffs and the FLSA Notice Group Members because Defendant required Named Plaintiffs and the FLSA Notice Group Members to perform non-tip producing and non-tip supporting work including work not related to their tipped occupation for significantly more than 20% of their work time.

80.     Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA for all hours worked by Named Plaintiffs and the FLSA Notice Group Members because Defendant required Named Plaintiffs and the FLSA Notice Group Members to perform non-tip producing and non-tip supporting work including work not related to their tipped occupation for more than thirty (30) consecutive minutes in a single shift.

81. Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA for all hours worked by Named Plaintiffs and the FLSA Notice Group Members because Defendant required Named Plaintiffs and the FLSA Notice Group Members to perform non-tip producing and non-tip supporting work for which it did not pay them at least the federal minimum wage.

82. During these periods, however, Defendant always compensated Named Plaintiffs and the FLSA Notice Group Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

83. Due to Defendant's violations of the FLSA, Named Plaintiffs and the FLSA Notice Group Members are entitled to recover from Defendant their unpaid minimum wages, liquidated damages equal in amount to the unpaid wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## COUNT II
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF ARTICLE II § 34a OF THE OHIO CONSTITUTION

84. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

85. Defendant has engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed in this Complaint.

86. At all times relevant, Named Plaintiffs and the FLSA Notice Group Members have been employees of Defendant within the meaning of Article II § 34a of the Ohio Constitution.

87. At all times relevant, Named Plaintiffs and the FLSA Notice Group Members have been covered by Article II § 34a of the Ohio Constitution.

88. Defendant failed to pay Named Plaintiffs and the FLSA Notice Group Members the minimum hourly wages to which they are entitled under Article II § 34a of the Ohio Constitution.

13

89. Defendant was not eligible to avail itself of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution for all work performed by Named Plaintiffs and the FLSA Notice Group Members because Defendant required them to perform non-tip producing and non-tip supporting work including work not related to their tipped occupation for more than 20% of their work time. During these periods, however, Defendant always compensated Named Plaintiffs and the FLSA Notice Group Members at the tipped minimum wage rate rather than at the appropriate hourly minimum wage rate for the corresponding year as required by Article II § 34a of the Ohio Constitution.

90. Defendant was not eligible to avail itself of the tipped minimum wage rate under the Article II § 34a of the Ohio Constitution for all hours worked by Named Plaintiffs and the FLSA Notice Group Members because Defendant required Named Plaintiffs and the FLSA Notice Group Members to perform non-tip producing and non-tip supporting work including work not related to their tipped occupation for more than thirty (30) consecutive minutes in a single shift.

91. Defendant was not eligible to avail itself of the tipped minimum wage rate under the Article II § 34a of the Ohio Constitution for all hours worked by Named Plaintiffs and the FLSA Notice Group Members because Defendant required Named Plaintiffs and the FLSA Notice Group Members to perform non-tip producing and non-tip supporting work for which it did not pay them at least the federal minimum wage.

92. Due to Defendant's violations of Article II § 34a of the Ohio Constitution, Named Plaintiffs and the FLSA Notice Group Members are entitled to recover from Defendant their unpaid minimum wages, an additional amount equal two times the amount of back wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT ("OPPA")
## FAILURE TO PROMPTLY PAY WAGES

93. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

94. At all times material to this Complaint, Named Plaintiffs and the FLSA Notice Group Members were covered employees within the meaning of OPPA. *See* O.R.C. § 4113.15.

95. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15.(A).

96. At all times material to this Complaint, Defendant has refused to pay Named Plaintiffs and the FLSA Notice Group Members all wages at the statutorily mandated Ohio minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

97. Named Plaintiffs' and the FLSA Notice Group Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

98. Named Plaintiffs and the FLSA Notice Group Members are entitled to six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

## COUNT IV
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

99. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

15

100. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

101. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the FLSA Notice Group Members have been injured as a result.

102. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

103. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the FLSA Notice Group Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, on behalf of themselves and the FLSA Notice Group Members pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the FLSA Notice Group Members as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendant seeks to have discovery on the issues of whether the FLSA Notice Group Members are similarly situated to the Plaintiff, that the Court issue an order tolling the FLSA statue of limitation for the FLSA Notice Group Members as of the filing of this Complaint.;

C. Designating Named Plaintiffs as the representative for the FLSA Notice Group Members and designating counsel of record as Collective Counsel;

D. Issuing proper notice to the FLSA notice Group Members at Defendant's expense;

E. Unpaid minimum wages and an equal amount of liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the FLSA Notice Group Members;

16

F. A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act, and the OPPA;

G. Awarding Named Plaintiffs and the FLSA Notice Group Members the sum of six percent (6%) of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA;

H. Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the FLSA Notice Group Members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

I. Compensatory and punitive damages under O.R.C. § 2307.60.

J. Awarding pre-judgment and post-judgment interest;

K. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and;

L. Any other relief to which the Named Plaintiffs and the FLSA Notice Group Members may be entitled.

Dated: October 11, 2023          Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com

Attorney for Plaintiffs.